UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Charles R. Machado, ) | C/A No. 4:11-1758-KDW | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | ORDER | |
| Denise Davis, Pat West, and Coastal ) | | |
| Carolina University (CCU), ) | | |
| ) | | |
| Defendants. ) | | |

Plaintiff Charles R. Machado ("Plaintiff" or "Machado") filed this action pro se on July 21, 2011, against his former employer, Defendant Coastal Carolina University ("CCU"), as well as individual Defendants Denise Davis ("Davis") and Pat West ("West"), alleging race discrimination and retaliation[1] in violation of Title VII of the Civil Rights Act of 1964, as amended, both in connection with CCU's termination of his employment. ECF No. 1. In an Order filed September 13, 2012, the court granted Defendants' Motion for Summary Judgment as to all of Plaintiff's claims against all Defendants, thereby dismissing with prejudice Plaintiff's case against Defendants.[2] ECF No. 88.

---

[1] Plaintiff entitled his Second Cause of Action as one for "Violation of Civil Rights Act 1964/Retaliation Accompanied by a Fraudulent Act." ECF No. 1 at 12. Because no such cause of action exists, the court liberally construed that cause of action as one for retaliation in violation of Title VII.

[2] Pursuant to 28 U.S.C. § 636(c), Local Civil Rule 73.01(B) (D.S.C.), by consent of the parties, ECF Nos. 29 and 37, and order of the court, ECF No. 39, this matter was referred to a magistrate judge to conduct all proceedings and order the entry of a final judgment. This case was previously before Magistrate Judge Shiva V. Hodges and was re-assigned to the undersigned as of January 1, 2012. ECF No. 56.

The only claims remaining in this case are Defendants' counterclaims against Plaintiff, which Defendants included in their Answer to Plaintiff's Complaint. ECF No. 19. In their counterclaims, Defendants aver that, by bringing the instant suit, Plaintiff breached a Settlement Agreement he had entered into with Defendants. *See* Answer ¶¶ 50-71. Defendants submit they are entitled to recover attorneys' fees and costs from Plaintiff for the following alleged reasons: (a) Plaintiff breached the Settlement Agreement; (b) Defendants were required to defend against Plaintiff's Title VII claims that were "frivolous, unreasonable, and without foundation[;]" and (c) Plaintiff's violated the South Carolina Frivolous Proceeding Sanctions Act. *Id.*

Upon granting summary judgment to Defendants as to all of Plaintiff's claims, the court requested that Defendants provide a status report regarding whether they intended to pursue their counterclaims. ECF No. 88 at 22. In response, Defendants filed a Motion to Dismiss Counterclaims, ECF No. 91, seeking dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff has filed no response to Defendants' Motion. *See* Local Civil Rule 7.06 (D.S.C.) (requiring litigants to file any response to a motion within 14 days of service of the motion).

Because Plaintiff has not responded, and finding dismissal of Defendants' counterclaims to be proper, the court hereby GRANTS Defendants' Motion to Dismiss Counterclaims, ECF No. 91.  *See* Fed. R. Civ. P. 41(a)(2) and 41(c) (applying Rule 41 to dismissals of counterclaims, crossclaims, and third-party claims). This action is hereby dismissed.

IT IS SO ORDERED.

October 11, 2012                                        Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

2